Thomas P. Riley, SBN 194706
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227

Tel:  626-799-9797
Fax: 626-799-9795
TPRLA@att.net

Attorneys for Plaintiff
J & J Sports Productions, Inc.

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J Sports Productions, Inc., | Case No. CV 08-0990 PVT |
| Plaintiff, | **NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY THE COURT** |
| vs. | |
| Israel Valencia Garcia, et al., | For: Honorable Patricia V. Trumbull |
| Defendant. | Date: Tuesday, August 12, 2008 |
| | Time:  10:00 AM |

**TO THE HONORABLE PATRICIA V. TRUMBULL, THE DEFENDANT AND**

**HIS ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE THAT** on Tuesday, August 12, 2008, at 10:00 AM or as soon

thereafter as this matter may be heard by the above entitled United States District Court, located at

280 South First Street, San Jose, CA 95113, Plaintiff will present its Application for Default

Judgment against Defendant Israel Valencia Garcia, individually and d/b/a La Copa.

    The Clerk has previously entered the default of said Defendant on or about June 20, 2008.

At the time and place of hearing, Plaintiff will present proof of the following matters:

*///*

1.     Defendant is not an infant or incompetent person, or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940; and,

2.     Defendant has not appeared in this action; and,

3.     Notice of this Application for Default Judgment by Court and supplemental pleadings were served on said Defendant; and,

4.     Plaintiff is entitled to judgment against the Defendant on the claims pled in the complaint. To wit:

    A.     By contract, Plaintiff paid for the proprietary rights to distribute the *Fernando Vargas v. Shane Mosley Championship Fight Program* broadcast of February 25, 2006, via closed-circuit television (hereinafter referred to as the "Program").

    B.     With full knowledge that the Program was not to be intercepted, received, and/or exhibited by entities unauthorized to do so, the above named Defendant, and/or his agents, servants, workmen, and/or employees, did unlawfully intercept, receive and thereafter exhibit the Program at the time of the transmission at the address of the establishment, "La Copa", a food and drink operated by Defendant, and located at 1131 N. Lawrence Expy, Sunnydale, California 94089. Please see the concurrently filed Declaration of Affiant.

    C.     Said unauthorized reception, interception and/or exhibition of the Program by said Defendant was done willfully and for the purpose of direct or indirect commercial advantage or private financial gain.

    D.     The unauthorized publication or use of communications, such as the transmission for which Plaintiff had the distribution rights, is prohibited by Title 47 U.S.C., Section 605, *et seq.*

    E.     The unauthorized reception, interception and exhibition of the Program at the address of the Defendant's establishment as described herein, is also prohibited by Title 47 U.S.C. sec. 553, *et seq.*

**NOTICE OF APPLICATION AND APPLICATION**
**FOR DEFAULT JUDGMENT BY THE COURT**
**CASE NO. CV 08-0990 PVT**
**PAGE 2**

F.    By said acts of receiving, intercepting and exhibiting the Program at the above-indicated address, Defendant tortuously obtained possession of the Program and wrongly converted same to his own use and benefit.

5.    Plaintiff seeks Judgment in its favor and against the Defendant, in the amount of $101,800.00.  A breakdown of the relief requested under each of the three (3) counts of the Plaintiff's complaint is detailed within the Proposed Order concurrently filed.

6.    By and through this Application, Plaintiff also seeks recovery of its attorneys' fees and relevant costs incurred as provided for pursuant to 47 U.S.C. Section 553, *et seq.* and 47 U.S.C. Section 605, *et seq.*

Respectfully submitted,

Dated:  June 26, 2008          */s/ Thomas P. Riley*
                               **LAW OFFICES OF THOMAS P. RILEY, P.C**.
                               BY: Thomas P. Riley
                               Attorneys for Plaintiff
                               J & J Sports Productions, Inc.

**NOTICE OF APPLICATION AND APPLICATION**
**FOR DEFAULT JUDGMENT BY THE COURT**
**CASE NO. CV 08-0990 PVT**
**PAGE 3**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE (SERVICE BY MAIL)

I declare that:

I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within cause; my business address is First Library Squire, 1114 Fremont Avenue, South Pasadena, California 91030-3227.  I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On June 26, 2008, I served:

**NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY THE COURT**

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was duly mailed and addressed to:

Israel Valencia Garcia (Defendant)
1007 Barnes Street
Mission, TX 78572

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on June 26, 2008, at South Pasadena, California.

Dated:  June 26, 2008                          */s/ Terry Houston*
                                                          **TERRY HOUSTON**

**NOTICE OF APPLICATION AND APPLICATION
FOR DEFAULT JUDGMENT BY THE COURT
CASE NO. CV 08-0990 PVT
PAGE 4**

Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
J & J Sports Productions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J Sports Productions, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>Israel Valencia Garcia, et al.<br><br>Defendant. | CASE NO. CV 08-0990 PVT<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY THE COURT |

## INTRODUCTION

Plaintiff, J & J Sports Productions, Inc. (hereinafter "Plaintiff") is an international distributor of sports and entertainment programming. By contract, Plaintiff purchased the domestic commercial exhibition rights to broadcast the *Fernando Vargas v. Shane Mosley Championship Fight Program* of February 25, 2006. This *Program* included the main event (between Fernando Vargas and Shane Mosely) along with an undercard (preliminary) bouts, televised replay, and color commentary, hereinafter collectively referred to as the "*Program*".

Plaintiff thereafter entered into sublicensing agreements with commercial entities throughout United States and its territories, wherein it granted limited public exhibition rights to these entities (sublicensees) for the benefit and entertainment of the patrons within their respective establishments (i.e., hotels, racetracks, casinos, taverns, bars, restaurants, social clubs, etc.).

The interstate transmission of the Plaintiff's *Program* was encrypted and made available only to Plaintiff's customers (commercial locations which paid Plaintiff the requisite closed-circuit (commercial) license fees to exhibit the *Program*).

On February 25, 2006 an investigator observed the unlawful exhibition of Plaintiff's *Program* at the Defendant's commercial establishment.  The investigator's observations were later documented in a sworn affidavit now before this Honorable Court. (See Declaration of Affiant.)

On February 19, 2008, Plaintiff filed suit against Israel Valencia Garcia , individually and d/b/a LA COPA (hereinafter "Defendant") after Plaintiff's efforts to resolve this matter informally failed.  The thrust of Plaintiff's Complaint alleged that the Defendant, and or his employees and or agents unlawfully intercepted and intentionally exhibited the *Program* at the Defendant's establishment for the purpose of direct or indirect commercial advantage, thereby violating Section 605 of the Federal Communications Act of 1934, as amended, as well as Title 47 U.S.C. § 553. Plaintiff's complaint also includes a pendant common-law claim of Conversion.

Neither the Defendant nor anyone acting on the Defendant's behalf filed an Answer or any other responsive pleading to Plaintiff's duly served complaint.  Accordingly, on June 20, 2008, following Plaintiff's Request, the Court entered default against the Defendant in this action.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court now enter judgment against the Defendant as prayed forth below.

## DISCUSSION

### PLAINTIFF IS ENTITLED TO ENHANCED STATUTORY DAMAGES IN THIS ACTION

Once a default judgment is entered, "it generally is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded and is given the same effect as between the parties as a judgment rendered after a trial on the merits**."**  ***Wright, Miller & Kane, Federal Practice and Procedures***, §2684, p. 4-19-20. The Defendant's default serves as an admission of Plaintiff's well-pled allegations of fact.  ***Danning v. Lavine***, 572 F.2d 1386, 1388 (9th Cir. 1978). Accordingly, the only issue remaining to be decided in this case is the amount of damages, attorneys' fees, and costs to which Plaintiff is entitled from the Defendant for the unauthorized exhibition of Plaintiff's *Program*.

Title 47 U.S.C. Section 605 protects companies such as the Plaintiff against the theft of its proprietary communications such as the instant *Program*. See, ***International Cablevision, Inc. v. Sykes***, 75 F.3d.123 (2d Circ. 1996), ***Cimenelli v. Cablevision***, 583 F. Supp. 158, 161 (E.D.N.Y. 1984); ***Cablevision Systems v. Seimon***, 767 F.2d 1364 (1985); ***Quincy Cablesystems, Inc. v. Sully's Bar, Inc.***, 640 F. Supp. 1159 (D.Mass. 1986); ***National Subscription Television v. S & HTV***, 644 F.2d 820 (9th Cir. 1981); ***National Football League v. Alley, Inc.***, 624 F. Supp. 6 (S.D. Fla. 1983). The majority of the Courts have found that Section 605 applies to cases where the end-user offender obtained a proprietary broadcast by way of a satellite (rather than cable) television programming system.

Title 47 U.S.C. § 553 was designed to provide a remedial scheme for unauthorized reception of cable communication. ***Home Box Office v. Gee-Cee, Inc.***, 838 F.Supp. 436 (E.D. Mo. 1993). Certain courts have also held a private party plaintiff may recover civil damages pursuant to this statute where end-users violators unlawfully obtained a proprietary broadcast via satellite.

As a starting point, a party aggrieved under the Statutes may, at their discretion, recover either actual or statutory damages. **§§ 553(c)(3)(A) and 605(e)(3)(C).** Statutory damages may be awarded up to $10,000.00 for each violation. **§§ 553(c)(3)(A)(ii) and 605(e)(3)(C)(i)(II).** Additionally, if the Court determines the violations were committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," **the Court may award enhanced damages of up to $100,000.00 for each violation under §605(e)(3)(C)(ii) and $50,000.00 under §553(c)(3)(B)(III).** Because Plaintiff constitutes an aggrieved party under these telecommunications statutes (hereinafter " Statutes") (see §§553 (C)(1) and 605(D)(6)), Plaintiff is entitled to damages from the Defendant.

LA COPA is a commercial establishment, and could only lawfully obtain the *Program* if Plaintiff had contracted with Defendant for the rights to show the *Program*. However, this lawful approach was not taken. Therefore, Defendant must have undertaken specific wrongful actions to intercept an/or receive and broadcast the encrypted telecast. (See Plaintiff's Affidavit in Support of Plaintiff's Application for Default Judgment by the Court concurrently filed with this Memorandum (hereinafter "Plaintiff's Affidavit")). Since the Defendant must have committed wrongful acts in order to intercept, receive, and broadcast the *Program*, Plaintiff seeks substantial statutory damages from the court in this action.

Statutory damages are appropriate where actual damages are difficult to prove. ***Lauretex Textile Corp. v. Allton Knitting Mills, Inc***., 519 F. Supp. 730, 732 (S.D.N.Y. 1981). The lack of

adequate proof of any particular element causes the Court to rely, within its discretion, on the statutory limitations. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952). In the instant case, as more fully discussed infra, it would be impossible to calculate the full extent of the profits lost by Plaintiff and the additional damages sustained by Plaintiff as a result of the Defendant's unlawful actions. Accordingly, it is appropriate for Plaintiff to elect to receive statutory damages in the instant action.

In order to deter the unlawful use of communications such as the *Program*, Congress specifically designed the Statues to provide "both Prosecutor[s] and civil plaintiffs [with] the legal tools they need to bring piracy under control." *Trademark & Satellite Acts, P.L.-6678, 1988 U.S. Cong. & Admin. News 7*, 5577, 5658; See also *U.S. v. Scott*, 783 F. Supp. 280, 281 (N.D. Miss. 1992). To reach these ends, the Statues include severe penalties, both civil and criminal, for those who intercept, receive and/or broadcast protected communications. See *Scott*, 783 F. Supp. At 281; See generally §§ 553(b) and 605(e). Moreover Congress has equated a violation of the Statutes to theft of service. See **1988 U.S. Code Cong. & Admin. News 7**, 5577, 4642-43. In 1988, in an effort to further deter theft, Congress amended the Statues to provide for more severe penalties for violations. ***Id.*** at 5657.

As set forth within Plaintiff's Affidavit, the Defendant's interception, receipt, and broadcast of the encrypted *Program* was not inadvertent. Both §§ 553(c)(3)(C) and 605(e)(3)(C)(iii) provides for limited damages to the aggrieved party "[i]n any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section . . . .", as stated by Congress, this type of situation occurs rarely:

> [i]t is not intended that this provision serve in any way as a defense to determination of liability under subsection (a), but rather only as provision to be exercised in the court's discretion for those rare instances of ignorance of the law on the part of one adjudged to have violated it.

*Cable Communications Policy Act*, P.L. 98-549, 5 U.S. Cong. News. '84 Bd. Vol. 8, 4745, 4751.

///

///

Instead, when Congress enacted the Statutes, it was specifically cognizant of the severe impact of theft of various wire communications, including closed-circuit programming, such as the *Program*.

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF PLAINTIFF'S APPLICATION FOR**
**DEFAULT JUDGMENT BY THE COURT**
**CASE NO. CV 08-0990 PVT**
**PAGE 4**

As stated in the House Bill:

> "The Committee is extremely concerned with a problem which is increasingly plaguing the cable industry-the theft cable service. This problem has taken on many forms from the manufacture and sale of equipment intended to permit reception of cable services without paying for it, to apartment building dwellers "tapping" into cable system wire into building's hallway that issued for providing service to a neighbor's apartment unit, to the sale by building superintendents of cable converters left behind by previous tenants to new tenants. Such practices does not only often permit one to obtain cable services without paying the installation and hookup costs, but also, for instances, involve individuals gaining access to premium movie and sports channels without paying for the receipt of those services.

> Theft of services deprives the cable industry of millions of dollars of revenue each year which it should otherwise be receiving. The Committee believes that theft of cable service poses a major threat to the economic viability of cable operators and cable programmers, and creates unfair burdens on cable subscribers who are forced to subsidize the benefits that other individuals are getting by receiving cable service without paying for it".

*Cable Communications Policy Act of 1984, House Report No. 98-934, 5 U.S. Cong. News*. '84 Bd. Vol. -6, 4655, 4720. Moreover, according to Congress, these incidents threaten to undermine the satellite industry and adversely impact legitimate satellite dealers and satellite programmers who otherwise should be receiving payment for their programming or descrambling devices. See *U.S. v. Scott*, 783 F.Supp. 280, 281 (N.D. Miss. 1992) (quoting 1984 U.S. Code Cong. & Admin. News 4655, 4746).

Therefore, in light of the above observations, as it first basis for relief, Plaintiff requests statutory damages pursuant to §§ 553(c)(3)(A)(ii) and 605(e)(3)(C)(i)(II). See *Cable/Home Communication Corp. v. Network Production, Inc.*, 902 F.2d 829, 850 (11th Cir. 1990). Where both statutes have been violated, some Ninth Circuit courts have chosen to award damages pursuant only to § 605(e)(3)(C)(i)(II). *See Kingvision Pay-Per-View, Ltd. v. Ortega*, 2002 U.S. Dist. LEXIS 24305, *6 (N.D. Cal. 2002). However, it is not unheard of for courts in this circuit to award damages pursuant to both statutes. See, *Spencer Promotions Inc. v. 5th Quarter Enterprises Inc.*, 1996 U.S. Dist. LEXIS 8686 (N.D. Cal. 1996).

Under Title 47 U.S.C. Section 605(e)(3)(c)(II), the amount of statutory damages to which Plaintiff is entitled for each violation shall be not less than $1,000.00 and no more than $10,000.00.

To determine appropriate statutory awards, Ninth Circuit courts have considered many factors, and these factors often overlap with the factors for enhancing damages. See generally *Universal Sports Network, Inc. v. Jimenez,* 2002 U.S. Dist. LEXIS 17709 (N.D. Cal. 2002) (considering intent to realize personal gain, repeat offenses, and the extent of the rebroadcast); *Kingvision Pay-Per-View, Ltd. v. Rivers*, 2000 U.S. Dist. LEXIS 4338 (N.D. Cal. 2000) (considering repeat offenses, and awarding the statutory minimum only where one defendant was already out of business). Some courts will award the minimum amount automatically if the defendant profited less than $1,000.00 from pirating the fight. See *Entertainment by J&J, Inc. v. Montecinos*, 2002 U.S. Dist. LEXIS 13633 (N.D. Cal. 2002). However, this reasoning should only be used if the Plaintiff seeks restitution damages or substitutional relief by invoking Section 605(e)(3)(C)(I) for actual damages. Other courts will award anywhere from $2,000.00 to $10,000.00 as a starting point. See *Joe Hand Promotions, Inc. v. Dailey*, 2003 U.S. Dist. LEXIS 4091 (N.D. Cal. 2003); *Spencer Promotions Inc. v. 5th Quarter Enterprises Inc.*, 1996 U.S. Dist. LEXIS 8686 (N.D. Cal. 1996).

Yet it is respectfully submitted that *the most* important factor in assessing damages is the deterrent effect of that award. See generally *Trademark & Satellite Acts*, **P.L.-**6678, 1988 *U.S. Cong. & Admin. News* 7, 5577, 5658. Many courts factor deterrence into their damage enhancement for Section 605(e)(3)(C)(ii), although it may be more appropriate for the statutory damage calculation pursuant to Section 605(e)(3)(C)(II). See *Joe Hand Promotions, Inc. v. Pete*, 1999 U.S. Dist. LEXIS 12651 (N.D. Cal. 1999) (awarding $5,000.00 to deter future transgressions); *Entertainment by J&J, Inc. v. Montecinos*, 2002 U.S. Dist. LEXIS 13633 (N.D. Cal. 2002) (awarding $5,000.00 to deter future transgressions).

We would like to draw the Court's attention to one case where the enhanced statutory damages awarded, based solely on the deterrent effect, were more than three times what the transgressor would have paid to properly commercially license the event. See *Entertainment By J&J, Inc. v. Al-Waha Enterprises, Inc.*, 219 F. Supp. 2d 769, 777 (S.D. Tex. 2002). As noted by the Court, requiring the Defendant "to pay the price it would have been charged to obtain legal authorization to display the Event does nothing to accomplish this objective of the statute." ***Id.***

Accordingly, it is respectfully submitted an award of the *enhanced* statutory damage *minimum* ($10,000.00) is a necessary baseline amount this Court should consider adopting to effectively deter parties such as the Defendant from stealing proprietary programming.  Next, Plaintiff respectfully and additionally requests enhanced damages pursuant to Sections 553(c)(3)(B) and 605(e)(3)(C)(ii). Section 605(e)(3)(C)(ii) advises awarding up to $100,000.00 where "the violation was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain . . ."  In similar circumstances, Section 553(c)(3)(B) will award an aggrieved Plaintiff up to $50,000.00. "Willfulness has been defined by the Supreme Court as 'disregard for the governing statute and an indifference for its requirements.'"  ***Cablevision Sys. N.Y. City Corp. v. Lokshin***, 980 F. Supp. 107, 114 (E.D.N.Y. 1997) (quoting ***Trans World Airlines, Inc. v. Thurston***, 469 U.S. 111, 126 (1985)).

To determine intent for commercial or private gain, 9th Circuit courts often look for evidence of a cover charge, increased price of food/drinks, advertisements, or the number of patrons in attendance.  See ***Entertainment By J&J, Inc. v. Perez***, 2000 U.S. Dist. LEXIS 17709 (N.D. Cal. 2002); ***Kingvision Pay-Per-View, Ltd. v. Arias***, 2000 U.S. Dist. LEXIS 162 (N.D. Cal. 2000). However such requirements are largely illogical and inconsistent with the very nature of the infringing activity.  Commercial signal pirates are looking to avoid, not attract, detection for their unlawful acts, and have no financial investment in the programming they are unlawfully exhibiting.

Mindful of this, Courts today are now looking at the act interception and not promotion of the event itself in calculating appropriate damages.  For instance in ***Al-Waha***, the plaintiff *did not* provide evidence of a cover charge or advertisements of the subject fight. 219 F. Supp. 2d at 776. Nevertheless, the Court rightfully awarded enhanced damages to the aggrieved party plaintiff.  ***Id***. at 777.  "Based on the limited methods of intercepting closed-circuit broadcasting of pay-per-view events and the low probability that a commercial establishment could intercept such a broadcast merely by chance, however, courts have held conduct such as that of [the Defendant] . . . to be willful and for the purposes of direct or indirect commercial advantage or private financial gain."  ***Id.*** at 776 (citing ***Kingvision Pay-Per-View, Ltd. v. Admiral's Anchor, Inc.*** No. 2, 172 F. Supp. 2d 810, 812 (S.D.W.Va. 2001); ***Time Warner Cable v. Googies Luncheonette, Inc.***, 77 F. Supp. 2d 485, 490; ***Time Warner Cable v. Taco Rapido Restaurant***, 988 F. Supp. 107, 111.  Enhanced statutory damages should likewise be awarded in the instant action now before this Honorable Court.

## CONCLUSION

The unauthorized interception, receipt and broadcast of the *Program* and other closed-circuit programming threatens the economic viability of the promotions industry.  There are no countervailing social or policy considerations that justify the unauthorized interception of these broadcasts.  See *ON/TV* **of** *Chicago v. Julien*, 763 F.2d 839, 843 (7th Cir. 1985); *Subscription Television of Greater Washington v. Kaufman*, 606 F. Supp. 1540, 1544 (D.D.C. 1985).

As a result of theft by the Defendant and others, Plaintiff has lost and will continue to lose its legitimate commercial customers which are unwilling and financially unable to compete with those unauthorized locations, such as LA COPA, which exhibit sports and other closed-circuit programming in an unlicensed manner.  Because these unauthorized commercial establishments offer programming to their patrons for no fee (or for a fee which is less than the authorized establishments charge), the legitimate commercial establishments cannot attract paying customers to offset their sizeable investments in commercial licensing and event promotion, and as a result, and incur substantial financial loss.  Therefore eliminating the prospect that they will continue purchasing commercial exhibition licenses from the Plaintiff in the future.

Theft of closed-circuit broadcasts, such as the *Program*, by unauthorized commercial establishments, such as LA COPA, adversely impacts both Plaintiff and its lawful customers. Plaintiff pays substantial fees to the promoters of the events to obtain the exhibition rights to sublicense the broadcast of closed-circuit programming to authorized commercial establishments. Plaintiff's *exclusive* source of revenue is the sublicense fees which it charges to authorized commercial establishments for the right to broadcast closed-circuit boxing and entertainment programming such as the *Program*.  The corrosive effect of commercial signal permanently destroys of Plaintiff's lawful customer base. See *Cox Cable Cleveland Area, Inc. v. King*, 582 F. Supp. 379, 381 (E.D. Ohio 1983).

Further, as a direct and proximate result of piracy, Plaintiff suffers severe damage to its goodwill and professional reputation, and has invariably lost its right and ability to control and receive fees for transmission of the *Program*.  See *Quincy Cablesystems, Inc., 640 F.Supp.* at 1161. When negotiating sublicense fees, Plaintiff represents to commercial establishments that it exercises supervision over the commercial distribution of its programming.  When an unauthorized commercial

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S APPLICATION FOR
DEFAULT JUDGMENT BY THE COURT
CASE NO. CV 08-0990 PVT
PAGE 8

establishment intercept, receive, and broadcast closed-circuit programming, such as the *Program*, Plaintiff's reputation and goodwill suffers irreparable damage with its existing and prospective commercial customers from what appears to be a misrepresentation of such capabilities on its own part.  Ultimately, piracy simply devaluates the product being lawfully developed, marketed, licensed, or sold to the detriment and injury of all.

Clearly, Plaintiff should receive just and substantial compensation from the Defendant for these losses suffered.  Modest awards of statutory damages cannot meet that test.  Damages calculated focused on the ill-gotten gains derived by the pirate as opposed to the injury inflicted will never meet that test.

Rather, the sustenance of Plaintiff's small family business concern depends upon the willingness of commercial establishments to pay the Plaintiff sublicense fees for its programming, and the Courts' willingness to deal fairly but ever most firmly with the rising tide of theft of Plaintiff's intellectual property.

While it maybe unconventional to award the Plaintiff the quantum of damages it now prays for from a defendant in a default setting, piracy is nothing less than outright theft and a firm judicial hand is required to stop this predatory behavior and compensate the aggrieved accordingly.

Respectfully submitted,

Dated:  June 26, 2008                    */s/ Thomas P. Riley*
                                         **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                                         By: Thomas P. Riley
                                         Attorneys for Plaintiff
                                         J & J Sports Productions, Inc.

## PROOF OF SERVICE (SERVICE BY MAIL)

I declare that:

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030. I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On June 26, 2008, I served:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY THE COURT**

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was duly mailed and addressed to:

Israel Valencia Garcia (Defendant)
1007 Barnes Street
Mission, TX 78572

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on June 26, 2008, at South Pasadena, California.

Dated: June 26, 2008                    */s/ Terry Houston*
                                        **TERRY HOUSTON**

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S APPLICATION FOR
DEFAULT JUDGMENT BY THE COURT
CASE NO. CV 08-0990 PVT
PAGE 10

1  Thomas P. Riley, SBN 194706
   LAW OFFICES OF THOMAS P. RILEY, P.C.
2  First Library Square
   1114 Fremont Avenue
3  South Pasadena, CA 91030-3227

4  Tel:  626-799-9797
   Fax: 626-799-9795
5  TPRLAW@att.net

6  Attorneys for Plaintiff
   J & J Sports Productions, Inc.

7
                    UNITED STATES DISTRICT COURT
8                  NORTHERN DISTRICT OF CALIFORNIA

9

10  J & J Sports Productions, Inc.,          Case No.  CV 08-0990 PVT

11                   Plaintiff,              DECLARATION OF THOMAS P.
                                             RILEY IN SUPPORT OF PLAINTIFF'S
12         vs.                               APPLICATION FOR DEFAULT
                                             JUDGMENT BY THE COURT
13                                           AGAINST DEFENDANT ISRAEL
    Israel Valencia Garcia, et al.           VALENCIA GARCIA, INDIVIDUALLY
14                                           AND D/B/A LA COPA
                     Defendant.
15

16

17  To:  The Clerk of the above-entitled Court:

18

19         I, Thomas P. Riley, declare as follows:

20
21         1.      My firm and I are counsel to J & J Sports Productions, Inc., in the above-entitled action.

22
23         2.      The Defendant had not appeared in this action and has not responded to the Complaint
    served upon him within the time permitted by law.
24
25         3.      Defendant is not infant, incompetent person, or a person in military service or otherwise
26  exempted from default judgment under the Soldiers' and Sailors' Civil Relief Act of 1940.
27  ///
28  ///

DECLARATION OF THOMAS P. RILEY IN SUPPORT OF
PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT
BY THE COURT
CV 08-5990 PVT
PAGE 1

4.     On June 18, 2008, a Request for Entry of Default was filed with the Court regarding Defendant Israel Valencia Garcia, individually and d/b/a La Copa, the instant Defendant.

5.     Default was entered on June 20, 2008, against Defendant Israel Valencia Garcia, individually and d/b/a La Copa.

6.     This action involves a claim for damages by Plaintiff J & J Sports Productions, Inc., against Defendant Israel Valencia Garcia, individually and d/b/a La Copa for misappropriation of a Championship Boxing Program in violation of 47 U.S.C. Section 605, *et seq.*, and 47 U.S.C. Section 553, *et seq.* Plaintiff further alleges that the Defendant committed tort of Conversion. Plaintiff seeks relief on its causes of action as set forth below.

7.     Plaintiff respectfully requests judgment in its favor and that damages be awarded to it, as follows:

a.   Violation of Title 47 U.S.C. 605 (e)(3)(B)(iii) and (c)(ii):     $     50,000.00

b.   Violation Title 47 U.S.C. 553 (b)(2) and (c)(2)(c):     $     50,000.00

c.   Tort of Conversion:     $     1,800.00

Total Amount of Requested Judgment:     $     101,800.00

I declare under the penalty of perjury of the laws of the State of California and the United States of America that the above is true and correct.

Respectfully submitted,

Dated:  June 26, 2008          */s/ Thomas P. Riley*
                              **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                              BY: Thomas P. Riley
                              Attorneys for Plaintiff
                              J & J Sports Productions, Inc.

DECLARATION OF THOMAS P. RILEY IN SUPPORT OF
PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT
BY THE COURT
CV 08-5990 PVT
PAGE 2

1
2

## PROOF OF SERVICE (SERVICE BY MAIL)

3

I declare that:

4
5

I am employed in the County of Los Angeles, California. I am over the age of eighteen

6

years and not a party to the within cause; my business address is First Library Square, 1114

7

Fremont Avenue, South Pasadena, California 91030. I am readily familiar with this law firm's

8

practice for collection and processing of correspondence/documents for mail in the ordinary course

9

of business.

10

On June 26, 2008, I served:

11
12

**DECLARATION OF THOMAS P. RILEY IN SUPPORT OF PLAINTIFF'S**

13

**APPLICATION FOR DEFAULT JUDGMENT BY THE COURT**

14
15

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and

16

following ordinary business practices, said envelope was duly mailed and addressed to:

17
18

Israel Valencia Garcia (Defendant)

19

1007 Barnes Street
Mission, TX 78572

20
21

I declare under the penalty of perjury pursuant to the laws of the United States that the

22

foregoing is true and correct and that this declaration was executed on June 26, 2008 at South

23

Pasadena, California.

24
25
26

Dated: June 26, 2008                              */s/ Terry Houston*
                                                  **TERRY HOUSTON**

27
28

**DECLARATION OF THOMAS P. RILEY IN SUPPORT OF**
**PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT**
**BY THE COURT**
**CV 08-5990 PVT**
**PAGE 3**

1  Thomas P. Riley, SBN 194706
   LAW OFFICES OF THOMAS P. RILEY, P.C.
2  First Library Square
   1114 Fremont Avenue
3  South Pasadena, CA 91030-3227

4  Tel: 626-799-9797
   Fax: 626-799-9795
5  TPRLAW@att.net

6  Attorneys for Plaintiff
   J & J Sports Productions, Inc.

7
                    UNITED STATES DISTRICT COURT
8                  NORTHERN DISTRICT OF CALIFORNIA

9

10  J & J Sports Productions, Inc.,          | CASE NO. CV 08-0990 PVT

11                  Plaintiff,               | DECLARATION OF AFFIANT

12                      vs.

13
    Israel Valencia Garcia, et al.
14
                    Defendant.
15

16

17      TO THE CLERK OF THE COURT:

18

19      A true and correct copy of the Declaration of Affiant is attached hereto and made part hereof.

20

21

22                              Respectfully submitted:

23

24
    Date: June 26, 2008            /s/ Thomas P. Riley
25                                 LAW OFFICES OF THOMAS P. RILEY, P.C.
26                                 By: Thomas P. Riley
                                   Attorneys for Plaintiff
27                                 J & J Sports Productions, Inc.

28

    DECLARATION OF AFFIANT
    CASE NO. CV 07-5927 WHA
    PAGE 1

State of: _CALIFORNIA_

County of: _SANTA CLARA_

I, undersigned, being duly sworn according to law deposes and says, that on

_February 25, 2006_, I entered the establishment known as _____

_LA COPA_ located at _1131_

_LAWrence expressway Sunnyvale_ CA at approximately _6:25_

a.m/p.m. I paid $ _10ᵃᵃ_ to enter this establishment. I ordered _Beer_ from

a bartender/waitress whose name is _Hispanic Female_ and who is described as

_early 30's. Also white Female Bartender_. I observed _4_

television sets. They are described as _(2) 35" (2) Large Screen_ and

they were located _35" TVs located one either side of BAr._
_Two Large screens located on each end of The Room_. On the television

set(s), I observed the boxing match between _Calvin Brock_ and

_Zuri Lawerence - Lawerence_ was wearing _Camoflage_

trunks and _Brock_ was wearing _Light Blue_

trunks. I also observed the following: _IT was The Beginning_
_of The 6th. Both Fighters were sparring_

A cable box was / was not visible. The channel _____ appeared on the box. This

establishment has / does not have a satellite dish. There were / were not Apartments

above or adjacent to the establishment. The establishment is described as _BAr_
_Style Night club. Pool Table. Security AT Front_
_stamped HAnd. Juke Box & Beer signs on wall_

This establishment rates _____ (Good, Fair, Poor). The Capacity of this

establishment is approximately _75_ people. At the time of my appearance, I

counted approximately _12_ people on the first head count and _12_ on

the second count.

Prior to my departure, there were approximately _____ 12 _____ people

in the establishment. This establishment is located in a commercial / residential

neighborhood. There was / was not a parking lot connected or adjacent to this

establishment. I observed the following license plates either in the parking lot, in

front of, or in the immediate vicinity, of this establishment:

5 EMB 581          3MTJC04
4JPG154            4SW U271
                   3U ITL 49

I departed this establishment at  6:30  a.m. / p.m.

Dated: 2-25-06

Signed: _____

Printed Name: Gary Gravelyn

Agency: Gravelyn & Associates

Address: 16 Rio vista

City/Sate: Orinda, CA 94563

Phone #: 925-253-0469

P.I.#: 18604

## NOTARY

On March 6, 2006, before me, Samuel C. Vaughn

Notary Public, personally appeared Gary Gravelyn ( ) personally

To me – or – (X) proved to me on the basis of satisfactory evidence to be the person whose
name is subscribed to the written instrument and acknowledged to me that he/she
executed the same in his/her authorized capacity and that by his/her signature on the
instrument the person or entity upon behalf of which the person acted, executed the
instrument.

WITNESS my hand and official seal.

Samuel P. Vaughn

Signature of Notary

SAMUEL C. VAUGHN
COMM. # 1459232
NOTARY PUBLIC-CALIFORNIA
CONTRA COSTA COUNTY
COMM. EXP. DEC. 30, 2007



## PROOF OF SERVICE (SERVICE BY MAIL)

I declare that:

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030. I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On June 26, 2008, I served:

### DECLARATION OF AFFIANT

On all parties referenced by enclosing true copies thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was duly mailed and addressed to:

Israel Valencia Garcia (Defendant)
1007 Barnes Street
Mission, TX 78572

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on June 26, 2008, at South Pasadena, California.

Dated:  June 26, 2008                        /s/ Terry Houston
                                             **TERRY HOUSTON**

DECLARATION OF AFFIANT
CASE NO. CV 07-5927 WHA
PAGE 2

1   Thomas P. Riley, SBN 194706
    **LAW OFFICES OF THOMAS P. RILEY, P.C.**
2   First Library Square
    1114 Fremont Avenue
3   South Pasadena, CA 91030-3227

4   Tel:  626-799-9797
    Fax: 626-799-9795
5   TPRLAW@att.net

6   Attorneys for Plaintiff
    J & J Sports Productions, Inc.

7

8               UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA

9

10  **J & J Sports Productions, Inc.,**          Case No. CV 08-0990 PVT

11              **Plaintiff,**                    **ORDER (Proposed)**

12              **vs.**

13

14  **Israel Valencia Garcia, et al.,**

15              **Defendant.**

16  _____

17          Default having been entered in this action on June 20, 2008 against Israel Valencia Garcia,

18  individually and d/b/a La Copa, and the application for and declarations in support of default judgment

19  having been filed on or about June 26, 2008, and having been served on the Defendant and notice given

20  and no appearance by the Defendant having been made in person or in writing and all other

21  requirements for entry of default judgment pursuant to Federal Rule Civil Procedure 55 having been

22  certified to by Plaintiff's counsel, now therefore,

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

    **ORDER (Proposed)**
    **CASE NO. CV 08-0990 PVT**
    **PAGE 1**

**IT IS HEREBY ORDERED AND ADJUDGED that JUDGMENT** be entered against Defendant Israel Valencia Garcia, individually and d/b/a La Copa and in favor of J & J Sports Productions, Inc., as follows:

| | | |
|---|---|---|
| a. | For the Violation of Title 47 U.S.C. 605 (e)(3)(B)(iii) and (c)(ii): | $  50,000.00 |
| b. | For the Violation of Title 47 U.S.C. 553 (b)(2) and (c)(2)(c): | $  50,000.00 |
| c. | For the Tort of Conversion: | $    1,800.00 |
| | Total: | $ 101,800.00 |

**Accordingly, JUDGMENT IS ENTERED IN ACCORDANCE WITH THE FOREGOING IN THE SUM OF $101,800.00.**

**ITS SO ORDERED**:

_____        Dated:_____
**The Honorable Patricia V. Trumbull**
**United States District Court**
**Northern District of California**

///
///
///
///
///
///
///

**ORDER (Proposed)**
**CASE NO. CV 08-0990 PVT**
**PAGE 2**

1
2
## <u>PROOF OF SERVICE (SERVICE BY MAIL)</u>
3
4
    I declare that:
5
6
    I am employed in the County of Los Angeles, California.  I am over the age of eighteen
7
years and not a party to the within cause; my business address is First Library Square, 1114
8
Fremont Avenue, South Pasadena, California 91030.  I am readily familiar with this law firm's
9
practice for collection and processing of correspondence/documents for mail in the ordinary course
10
of business.
11
12
    On June 26, 2008, I served:
13
14
    **ORDER (PROPOSED)**
15
16
On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and
following ordinary business practices, said envelope was duly mailed and addressed to:
17
18
    Israel Valencia Garcia (Defendant)
19
    1007 Barnes Street
    Mission, TX 78572
20
21
22
    I declare under the penalty of perjury pursuant to the laws of the United States that the
23
foregoing is true and correct and that this declaration was executed on June 26, 2008, at South
24
Pasadena, California.
25
26
Dated:  June 26, 2008                    */s/ Terry Houston*
27
                                         **TERRY HOUSTON**
28

**ORDER (Proposed)**
**CASE NO. CV 08-0990 PVT**
**PAGE 3**